UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LEZLIE LIGHT, on behalf of herself
and others similarly situated,

        Plaintiffs,

  -against-

DICK'S SPORTING GOODS, INC.

       Defendant.
----------------------------------X

**10   4223**

JURY TRIAL DEMANDED

CLASS ACTION COMPLAINT

Case No.

HURLEY, J.

BOYLE, M.J.

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ SEP 1 6 2010 ★

BROOKLYN OFFICE

Plaintiff, Lezlie Light, individually and on behalf of all

other persons similarly situated, by her undersigned attorney,

HARRY I. KATZ, P.C., as and for her Complaint against the

defendant, alleges the following based upon personal knowledge as

to himself and his own action, and, upon information and belief,

as to all other matters, respectfully alleges, upon information

and belief, as follows (plaintiff believes that substantial

evidentiary support will exist for the allegations set forth

herein after a reasonable opportunity for discovery):


NATURE OF THE ACTION


1.  Plaintiff, Lezlie Light  ("Light" or "plaintiff") brings

this class action for breach of contract, fraud, unjust

enrichment, and violation of Consumer Protection Acts, on behalf

of a class, as further defined herein, of all present and former

customers of defendant, Dick's Sporting Goods Inc. (hereinafter

referred to as "Dick's"), from the date of the inception of its

coupon program, through the present, who were damaged when they

used discount coupons for purchases at the defendant's stores.

2. Prior to August 24, 2010 and through the present, defendant, Dick's distributed $10.00 coupons to be used on any purchase of $50.00 or more at its retail stores. However, if the $10.00 coupon was used toward a $50.00 or more purchase and if some or all of the items were returned, defendant retained all or that portion of the coupon which had been applied to the returned item and did not allow the customer to use the coupon for an exchange or toward other item(s) previously purchased with the coupon. Thus, the consumer lost the full benefit of the $10.00 coupon if the consumer returned some or all items and the defendant retained some or all of the $10.00 coupon used.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), because the matter in controversy in this class action exceeds $5,000,000.00 and because it is a class action in which members of the putative class are citizens of states different from defendant. Defendant is a Delaware Corporation doing business in the State of New York and several counties including the Counties of Nassau and Suffolk. Plaintiff is a resident of Michigan and members of the class reside in Michigan, New York and nationwide.

4. Venue is appropriate in this Court because defendant does business in the Counties of Nassau and Suffolk.

## THE PARTIES

5.  Plaintiff, Lezlie Light  resides in the State of Michigan.

6. Defendant is a Delaware corporation which doing in the business in the State of New York, and operates a nation-wide retail chain of 424 stores throughout the United States, in 41 states, and on its website.

7.  As incentive to shop at its stores prior to August 24, 2010 and through August 31, 2010 defendant distributed $10.00 coupons to be applied by the customer toward purchases of over $50.00.

8.  Upon information and belief, defendant has offered the same or similar coupons in the past for other time periods and other denominations.

## CLASS ACTION ALLEGATIONS

9.  Plaintiff brings this action as a class action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), as a class on behalf of a Class consisting of all those who received coupons to be used toward purchases of a certain amount, who returned some or all of the items purchased with the coupon and who were damaged hereby.  The time period in question

is from the date of inception of the above described program to the present for those who received the coupons, used them for purchases and then returned some or all of the items purchased with the coupon.

10. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiff at this time and can only be ascertained through the appropriate discovery, plaintiff believes there are hundreds or thousand of members in the proposed Class. Other members of the Class may be identified from records maintained by defendant and may be notified of the pendency of this action by mail using the form of notice similar to that customarily used in class actions.

11. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendant's wrongful conduct in violation of statutes that are complained of herein.

12. Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no interests antagonistic to those of the other members of the Class. Plaintiff has retained experienced and competent counsel.

13.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein.  If Class treatment of these claims were not available, defendant would likely unfairly receive thousands of dollars or more in improper credits from the Class members using defendant's coupons.

14.  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the common questions of law fact to the Class are:

(a) Whether defendant breached it's agreement with its customers by failing to deliver the promised discount coupons for money spent by consumers.

(b) Whether defendant breached its duty of good faith and fair dealing by exercising its discretion to retain all or some of the coupons when returns are made by the customer who had used the coupons for the original purchase(s), and thus made the offer of discount coupons illusory;

© Whether defendant engaged in fraudulent or unfair and deceit practices by making misleading statements regarding discount coupons and by failing to disclose fully the impact of the method of allocation of the coupons;

(d) Whether defendant was unjustly enriched by the creation and implementing of their practices and scheme including those relating to the redemption of the discount coupons;

(e) Whether defendant conduct and implementation of their practices relating to the discount coupons were misleading and deceiving and in violation of New York General Business Law 349 and 350 (New York customers);

(f) Whether defendant should be enjoined from their continued implementing of their redemption and refund policies relating to purchases made by customers using the discount coupons, in whole or in part, as a method of payment.

(g) Whether the members of the Class have sustained damages as a result of defendant's wrongful conduct; and

(h) the appropriate measure of damages and/or other relief.

15. The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. The names and addresses of substantially all of the members of the Class are available from defendant. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

## CLAIMS FOR RELIEF

16. On August 24, 2010 plaintiff did make a purchases of items at defendant's store located in Novi, Michigan using his $10.00 coupon (see attached sales receipt, Exhibit "A").

17. On August 24, 2010 the defendant applied the $10.00 coupon for the items purchased by the plaintiff.

18. The total amount paid by plaintiff to defendant using the $10.00 coupon, made on August 24, 2010 was $89.99 (before tax).

19. On August 26, 2010 plaintiff, Light returned an item to the defendant store which had been purchased on August 24, 2010.

20. When receiving a refund for the purchases, the $10.00 coupon were pro-rated for the items returned (see return receipt of August 26, 2010 attached hereto as Exhibit "B").

21. The pro-rated amount of the $10.00 coupon was deducted from the return of the purchase price of the items.

22. The pro-rated amount of the coupon was lost and was not otherwise credited to the original or future purchase.

23. By pro-rating the $10.00 the plaintiff lost the amount of $3.00 he would have been entitled to as part of the coupon she used.

24. The amount lost by the defendant's procedure of pro-rating the coupons over all items purchased resulted in the plaintiff losing $3.00 she had used when shopping at defendant's store.

25. Plaintiff relied on defendant's representation that she would be entitled to a full $10.00 coupon when making purchases at defendant's store.

26. That at no time prior to the purchase or return of the subject items was plaintiff informed by defendant that she would lose the pro-rated amount of the coupons and discount upon return of purchased items.

27. That if informed of the loss of the benefit, plaintiff would have applied the full amount of the coupons toward a purchase(s) she was certain to keep.

FIRST CAUSE OF ACTION
(Breach of Contract)
Michigan, New York and Nationwide

28.  Plaintiff repeats and realleges each and every
allegation contained above as if fully set forth herein.

29.  Defendant breached its agreement with plaintiff and the
Class by utilizing a pro-rating method which failed to provide
plaintiff and the class with the promised coupon amount.

30.  Additionally, or alternatively, defendant's use of the
pro-rating method constitutes a breach of the implied covenant of
good faith and fair dealing existing in defendant's agreement
with plaintiff and the Class.

31.  Plaintiff and the Class have been injured as a result
of defendant's breach of its agreement.

32.  Defendant is liable to plaintiff and the Class for
damages sustained as a result of the breach.

SECOND CAUSE OF ACTION
(Common Law Fraud)
Michigan, New York and Nationwide

33.  Plaintiff repeats and realleges each and every
allegation contained above as if fully set forth herein.

34. Defendant intentionally made materially false and misleading representation about the coupons and discounts, concealed from and omitted to disclose to plaintiff and the Class the impact of the method of the pro-rating allocation of the coupons and discounts.

35. Plaintiff and the class were induced by and relied on defendant's false and misleading representation and omissions and did not know at that time that defendant intended to and would use a pro-rating method of the coupons and discounts that rendered the promotion illusory.

36. Defendant knew or should have known of its false and misleading representation and omissions. Defendant nevertheless continued aggressively to promote and market the coupons to encourage customers to shop at its stores, in a misleading and deceptive manner without corrective disclosures.

37. Had defendant adequately disclosed its intended allocation of the coupons, plaintiff and the Class would have used the coupons only on items they were certain to be keeping.

38. Plaintiff and the Class have been injured as a result of defendant's fraudulent conduct.

39. Defendant is liable to plaintiff and the Class for damages sustained as a result of defendant's fraud, in an amount

to be determined at trial.

THIRD CAUSE OF ACTION
Violation of General Business Law
Sections 349 and 350-New York

40.   Plaintiff repeats and realleges each and every
allegation contained above as if fully set forth herein.

41.   Defendant's conduct constitutes deceptive acts or
practices and/or false advertising in the conduct of business,
trade or commerce or on the furnishing of services in this state
which effects the public interest under New York General Business
Law Section 349 and 350.

42.   Defendant's conduct was materially misleading to the
New York members of the class.

43.   During the class period, the defendant carried out a
plan, scheme and course of conduct which was consumer oriented.

44.   Plaintiff and the Class were injured by defendant's
conduct.

45.   The injuries to plaintiff and the Class were
foreseeable to defendant and, thus, failure to disclose the
defendant's intended allocation of the of the coupons was
unconscionable and unreasonable.

46.  Defendant is liable for injuries sustained by the New York Class members to the maximum extent allowable under New York General Business Law Sections 349 and 350.

FOURTH CAUSE OF ACTION
(Unjust Enrichment)
Michigan, New York and Nationwide

47.  Plaintiff repeats and realleges the allegations contained above as if fully set forth herein.

48.  By engaging in the conduct described above, defendant has unjustly enriched itself at the expense of plaintiff the other members of the class and are required, in equity and good conscience, to compensate them fully for the damages that have been suffered as a result of defendant's actions.

49.  Defendant is liable to plaintiff and the Class for damages sustained as a result of defendant's unjust enrichment in an amount to be determined at trial.

FIFTH CAUSE OF ACTION
(Conversion)
Michigan, New York and Nationwide

50.  Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein.

51.  By engaging in the conduct described above, defendant has converted economic and financial benefits to defendant's use and control and which rightly belong and inure to plaintiff and the other members of the Class and are required, in equity and good conscience, to compensate them fully for the damages that they have suffered as a result of defendant's actions.

52.  Defendant is liable to plaintiff and the Class for damages sustained as a result of defendant's conversion in an amount to be determined at trial.

SIXTH CAUSE OF ACTION
(Declaratory and Injunctive Relief)
Michigan, New York and Nationwide

53.  Plaintiff repeats and realleges the allegations contained above as if fully set forth herein.

54.  Defendant's conduct, as described above, not only violates defendant's statutory, common law and contractual obligations, but also harms consumers and the general public and flies in the face of sound public policy.  Such conduct is also causing ongoing harm or the imminent threat of harm, to members of the class and the general public.

55.  A justifiable controversy exists between plaintiff and the other members of the class on the one hand, and defendant on

the other hand.  Accordingly, the court should issue a
declaratory judgment declaring that defendant's conduct and
practices are deceptive and fraudulent and enjoin defendant from
continuing to engage in such conduct;

    WHEREFORE, plaintiff prays for relief and judgment as
follows:
    (A) For an Order certifying this action as a Class Action
pursuant to the provisions  with plaintiff certified as
representative of the Class;

    (B) For compensatory damages in favor of plaintiff and the
Class;

    © For punitive damages on plaintiff's fraud claim, in an
amount not less than three times the total damages as determined
at trial;

    (D)  For other damages as prescribed by law, including
treble damages not in excess of the statutory minium under
General Business Law Section 349;

    (E)  For a declaratory judgment declaring that defendant's
conduct is deceptive, improper and fraudulent and preliminarily
and permanently enjoining defendant from continuing to implement
its practices in connection with discount coupons

(F)   For costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and expenses.

(G)   For pre- and post-judgment interest; and

(H)   For such other and further relief as the Court deems just and proper.

Yours, etc.,

HARRY I. KATZ, P.C.
Attorneys for Plaintiff


BY: HARRY I. KATZ
(HIK 5814)
61-25 Utopia Parkway
Fresh Meadows, NY    11365
718-463-3700

Exhibit A

DICK'S SPORTING GOODS
Novi, MI
(248) 596-3400

08/24/10   05:35 PM
RECEIPT EXPIRES ON 11/22/10

S-00432 R-6   T-9604 A-0209751 SALE

EVERY SEASON STARTS AT

Your associate today is: Ashley

Customer Copy

884577700120  7XOBLACKPT/B    69.99
RP      62.99

886668337500  BRASILIA08/N    30.00
RP      27.00

ITEM TOTAL                    99.99
Coupon #P000 $10.00           10.00-

SUBTOTAL                      89.99
TAX                            5.40
TOTAL                         95.39

VISA                          95.39
ACCOUNT #  ***********4460
AUTH# D0203B
CHANGE DUE                      0.00

TOTAL SAVINGS = 10.00

SCORECARD#: 301492760008

R 00432006504 8241001

Hey Coach!
Get Special Savings
For You And Your Team
Ask a Store Associate for more details

We want your opinion!
Visit DicksSportingGoods.com
to write a review of the products
you've bought in-store or online!

*********************************
Get $10 off your next purchase of $50!
Complete our online Customer Survey at
www.DicksSportingGoods.com/feedback
Survey must be completed within
48 hours of store visit.
*********************************

A

Exhibit B



# DICK'S SPORTING GOODS
Novi, MI
(248) 596-3400

08/26/10    03:22 PM
RECEIPT EXPIRES ON 11/24/10

S-00432 R-7    T-1685 A-0107841 EXCHANGE

Your associate today is: Mike

### Customer Copy

SELL STORE 00432
RECEIPT NO 00432000500400 2410010
DATE       08/24/10

RETURN TYPE: Return/Exchange

886668337500   BRASH 1A08/N      27.00-
END RETURN

ITEM TOTAL                       27.00-

SUBTOTAL                          27.00-
TAX                                1.62-
## TOTAL                          28.62-

VISA                              28.62-
  ACCOUNT #: ************4460
  AUTH#
CHANGE DUE                         0.00

SCORECARD#  30149-704008



```
00432007165082610024
```

New Coach!
Get Special Savings
For You And Your Team
Ask a Store Associate for more details

We want your opinion!
Visit DicksSportingGoods.com
to write a review of the products
you've bought in-store or online!

*******************************
Get $10 off your next purchase of $50!
Complete our online Customer Survey at
www.DicksSportingGoods.com/feedback.
Survey must be completed within
48 hours of store visit.
*******************************

Shop us online or mobile at

STATE OF ~~NEW YORK~~ *Michigan* )

COUNTY OF *Oakland* ) ss.:

*Lezlie Light* , being duly sworn, deposes and says:

    Deponent is the plaintiff in the within action and has read the foregoing

and knows the contents thereof; that the same are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, deponent believes them to be true.

*Lezlie Light*

Sworn to before me this

*8* day of *Sept* , 20*10*

_____

    Notary Public

VICTORIA L. WEINMAN
Notary Public, State of New York
No. 02WE5022330
Qualified in Queens County
Commission Expires Jan. 10, *2014*

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEZLIE LIGHT, on behalf of herself and others similarly situated,

                              Plaintiff(s),

    -against-

DICK'S SPORTING GOODS, INC.,

                              Defendant(s).

**CIVIL COVER SHEET**
**SUMMONS IN A CIVIL ACTION**
**CLASS ACTION COMPLAINT**

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York  11365
(718) 463-3700
(718) 886-3410 (Fax)

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:


Attorney(s) for